[Cite as *State v. Wesseling*, 2011-Ohio-5882.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110193 |
| | | TRIAL NO. B-1007580 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| MICHAEL WESSELING, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 16, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Michael Wesseling appeals his convictions for felonious assault and aggravated burglary, for which he was sentenced to an 11-year prison term. Because we determine that Wesseling's assignments of error are without merit, we affirm the judgment of the trial court.

{¶2} Wesseling was indicted on November 12, 2010, for attempted murder in violation of R.C. 2923.02(A), felonious assault in violation of R.C. 2903.11(A)(1), felonious assault in violation of R.C. 2903.11(A)(2), and aggravated burglary in violation of R.C. 2911.11(A)(1). All charges were accompanied by firearm specifications.

{¶3} According to the bill of particulars filed by the state, on November 5, 2010, at 2 a.m., Wesseling had entered the victim's residence located on Welge Avenue through the garage. Wesseling had opened the door to the victim's bedroom and had fired multiple shots at the victim while the victim had lain on the bed. Wesseling had then fled through the garage.

{¶4} On March 22, 2011, Wesseling entered into a plea agreement with the state, whereby Wesseling agreed to plead guilty to felonious assault pursuant to R.C. 2903.11(A)(2) with a firearm specification, and aggravated burglary with a firearm specification, in exchange for the state's agreement to dismiss the remaining charges. Wesseling and the state agreed to a sentence of 12 years' incarceration for the underlying offenses and three years' incarceration for the firearm specification, for a total of 15 years in prison.

{¶5} The same day that Wesseling and the state entered into a plea agreement, the trial court conducted a plea hearing. At the hearing, the prosecutor

read the language from the indictment into the record, but Wesseling waived any further recitation of the facts.

{¶6} The trial court accepted Wesseling's guilty pleas. The trial court, however, did not impose the jointly-recommended sentence. Instead, the trial court sentenced Wesseling to eight years' incarceration on the felonious-assault charge, four years' incarceration on the aggravated-burglary charge, which the trial court imposed concurrent with the felonious-assault charge, and three years' incarceration on the firearm specification, for a total of 11 years' incarceration.

{¶7} In Wesseling's first assignment of error, he contends that the trial court erred in accepting his guilty pleas because his pleas were not made voluntarily or knowingly. In support of his argument, Wesseling points to a statement made during the plea hearing, where Wesseling stated that he was "a very confused person * * *." Wesseling also points to a part of the sentencing hearing where Wesseling asked the court to impose a shorter term of incarceration than that to which he had agreed with the prosecution.

{¶8} A full reading of the record belies Wesseling's claim that his pleas were not voluntary or knowing. The trial court conducted a detailed colloquy with Wesseling, in compliance with Crim.R. 11(C). The trial court informed Wesseling of the possible maximum and minimum sentences that Wesseling could receive as a result of pleading guilty, and the trial court stated that it was not bound by the plea agreement between Wesseling and the state. Therefore, Wesseling's request at sentencing that the trial court impose a shorter term of imprisonment than what he had agreed to with the prosecution does not indicate an unknowing plea.

3

{¶9}   Furthermore, when Wesseling stated to the trial court that he was a "confused person," the trial court inquired further by asking Wesseling if he understood what occurred at the plea hearing.  Wesseling replied, "I am not confused about that.  I am confused about why it all happened.  That's all."  Therefore, Wesseling's statement, when placed in context, indicated that Wesseling was unsure of why the events underlying the convictions had occurred.

{¶10}  Because Wesseling has failed to show that his pleas were unknowing, unintelligent, or involuntary, we overrule his first assignment of error.

{¶11}  In Wesseling's second assignment of error, he argues that the trial court erred by sentencing him for two separate offenses where those offenses were allied offenses of similar import subject to merger.  R.C. 2941.25(A) states that, "[w]here the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  A criminal defendant has the burden of establishing his entitlement to merger of offenses pursuant to the allied-offense statute.  *State v. Mughni* (1987), 33 Ohio St.3d 65, 67, 514 N.E.2d 870.

{¶12}  The Ohio Supreme Court held in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus, that "when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered * * *."

{¶13} Wesseling pleaded guilty to aggravated burglary pursuant to R.C. 2911.11(A)(1), which provides that, "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied

portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]" Wesseling also pleaded guilty to felonious assault pursuant to R.C. 2903.11(A)(2), which states that, "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *[.]"

{¶14} The state urges us to determine that Wesseling has waived the allied-offense issue for purposes of this appeal because he failed to raise that issue at the trial-court level. In doing so, the state suggests that we distinguish the Ohio Supreme Court's decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. In *Underwood*, the court concluded that when a trial court imposed sentences on multiple offenses that were subject to merger under R.C. 2941.25, a defendant could seek appellate review of that sentence, even though the defendant had pleaded no contest to the charges, his sentence was jointly recommended by the defendant and the state, and the defendant did not raise the allied-offense issue in the trial court. Id. at ¶26-¶32.

{¶15} Pursuant to *Johnson*, the conduct of the accused is critical in a court's allied-offense inquiry. Thus, the state argues, a defendant who entered a guilty plea after *Johnson*, waived a reading of the facts at the sentencing hearing, and did not raise the issue of allied offenses in the trial court, should not be able to argue for the first time on appeal that his offenses are allied offenses subject to merger.

{¶16} Although Wesseling pleaded guilty after *Johnson*, waived a reading of the facts, and failed to raise the allied-offense issue in the trial court, we need not

5

depart from *Underwood* and create a per se rule prohibiting appellate review in these cases. Based upon the limited evidence in the record, however, we cannot conclude that the trial court committed plain error in sentencing Wesseling on both aggravated-burglary and felonious-assault charges. Crim.R. 52(B). Therefore, we overrule Wesseling's second assignment of error.

{¶17} The judgment of the trial court is affirmed.

Judgment affirmed.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.,** concur.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.