[Cite as *State v. Shepherd*, 2012-Ohio-736.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                          :

                                :          Appellate Case No. 24656

        Plaintiff-Appellee            :

                                :          Trial Court Case No. 2011-CR-936/3

v.                                     :

                                :

WILLIAM R. SHEPHERD                    :          (Criminal Appeal from

                                :           Common Pleas Court)

        Defendant-Appellant        :

                                :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 24th day of February, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. #0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} William R. Shepherd appeals from his conviction and sentence following a guilty plea to fifth-degree felony charges of breaking-and-entering and vandalism.

{¶ 2} In his sole assignment of error, Shepherd contends the trial court erred

in imposing separate sentences for the two crimes where they were allied offenses of similar import.

**{¶ 3}** The record reflects that Shepherd and two companions were arrested while breaking into the C&D Drive-Thru to steal cigarettes. After his arrest, Shepherd entered guilty pleas to the charges set forth above. Prior to sentencing, he raised an allied-offense argument under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. To resolve the issue, the parties stipulated to the facts in an offense report. After reviewing the report, the trial court held that breaking-and-entering and vandalism were not allied offenses of similar import in this case. The trial court imposed concurrent, five-year terms of community control and other sanctions. This appeal followed.

**{¶ 4}** The only issue before us is whether the trial court erred in rejecting Shepherd's allied-offense argument. In *Johnson*, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. *Johnson* held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. It explained:

> Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.
>
> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one

offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge.

*Id.* at ¶47-51 (citations and quotations omitted).

{¶ 5}  In the present case, Shepherd was convicted of breaking-and-entering in violation of R.C. 2911.13(A), which prohibits trespassing by force in an unoccupied structure with the purpose to commit a theft offense. He also was convicted of vandalism in violation of R.C. 2909.05(B)(1)(A), which prohibits causing physical harm to  another's property where the property is used in the owner's business and where the value of the property, or the amount of the harm, exceeds the requisite dollar amount. At the time of Shepherd's offense the dollar amount was $500.

{¶ 6} Shepherd argues that his breaking-and-entering and vandalism convictions both involved the same conduct committed with single state of mind. In particular, he claims both convictions were based on his act of prying open an exterior door and breaking the glass of an interior door for the purpose of stealing cigarettes. As a result, he contends the trial court should have merged the two offenses.

{¶ 7} Upon review, we are unpersuaded by Shepherd's argument. We do not dispute that his breaking-and-entering conviction was based on his forcible entry into the business by prying open an exterior door and breaking the glass of an interior door. If the vandalism conviction was based on the damage to these doors, we would be inclined to agree with Shepherd that the two offenses involved the same conduct. But the record contains evidence of physical harm to property inside the business beyond the damage to the doors.

{¶ 8} The stipulated offense report indicates that a rear office inside the business had been ransacked, computers had been knocked over, and a metal screwdriver had been wedged into a cash register. In light of this evidence, the record supports a finding that the breaking-and-entering offense was complete when Shepherd forcibly trespassed by breaking through two doors with the intent to steal something. The record further supports a finding that the vandalism offense involved separate conduct, namely damaging physical property after entering the business. Cf. *State v. Turner*, 2d Dist. Montgomery App. No. 24421, 2011-Ohio-6714, ¶24 ("In this case, when Defendant, armed with a shotgun, forced his way into Gulley's apartment, intending to steal drugs and money from Gulley, the aggravated burglary offense was complete. * * * When Defendant, once inside, thereafter held Gulley at gunpoint while demanding drugs and money and stealing Gulley's television, a new, separate

crime, aggravated robbery, arose, which was committed separately from the completed aggravated burglary offense. * * * Because one offense was complete before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B), notwithstanding their proximity in time and that one was committed in order to commit the other.").

{¶ 9} Although the stipulated offense report does not indicate the dollar value of the property at issue, Shepherd pled guilty to violating R.C. 2909.05(B)(1)(A) and "[a] criminal defendant has the burden of establishing his entitlement to merger of offenses pursuant to the allied-offense statute." *State v. Wesseling*, 1st Dist. Hamilton App. No. C-110193, 2011-Ohio-5882, ¶11, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). On the record before us, Shepherd failed to satisfy that burden. As a result, the trial court did not err in rejecting his allied-offense argument.

{¶ 10} The assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Gary C. Schaengold
Hon. Frances E. McGee