[Cite as *State v. Furman*, 2014-Ohio-20.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

SAMANTHA L. FURMAN

    Appellant

C.A. No.     26825

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 11 09 2587 (D)

DECISION AND JOURNAL ENTRY

Dated: January 8, 2014

HENSAL, Judge.

{¶1} Samantha Furman appeals her 18-year sentence for aggravated burglary and aggravated robbery from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} The following facts were recited by the prosecutor at Ms. Furman's resentencing hearing. Ms. Furman worked as a home health-care aide. While she was assigned to care for James Allen, she told Michael Louthian how he could enter Mr. Allen's house and where he could find items of value in the house. On June 25, 2011, Mr. Louthian entered Mr. Allen's house with two other men. When they got inside, they were surprised to find that Mr. Allen was awake, so they went back outside. A short time later, they reentered the house, assaulted Mr. Allen, and took some of his personal property. Ms. Furman was scheduled to work at Mr. Allen's house the next day, but she did not show up. The following day, a home meal-delivery

volunteer found Mr. Allen on the floor of his house unconscious. Ms. Furman later contacted law enforcement officers and told them that Mr. Louthian had been involved in the incident.

{¶3} Although Ms. Furman claimed that the only reason she told Mr. Louthian about Mr. Allen's house was because he threatened her and her family, the Grand Jury indicted her for aggravated burglary, aggravated robbery, felonious assault, grand theft, and theft from elderly. Ms. Furman pleaded guilty to aggravated burglary and aggravated robbery. The trial court found that the charges were not allied offenses, sentenced her to nine years in prison for each offense, and ordered the terms to run consecutively. On appeal, this Court reversed Ms. Furman's sentence and ordered the trial court to resentence her applying the Ohio Supreme Court's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. On remand, the court applied *Johnson* and imposed the same sentence. Ms. Furman has appealed, assigning two errors that this Court will review together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT MERGE THE SENTENCES FOR AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY WHICH WERE ALLIED OFFENSES OF SIMILAR [IM]PORT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR IN SENTENCING THE APPELLANT-DEFENDANT TO PRISON TERMS THAT WERE MORE THAN THE MINIMUM SENTENCE PRESCRIBED BY LAW.

{¶4} In her first assignment of error, Ms. Furman argues that the trial court incorrectly found that the aggravated burglary and aggravated robbery charges were not allied offenses under Revised Code Section 2941.25(A). According to her, she was not present during the

crimes, she did not receive a portion of the stolen property, she was not aware that Mr. Allen had been injured until two days after the incident, and she was the first person to provide information to law enforcement about the attack.

{¶5} Under Section 2941.25(A), "[if] the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." In *Johnson*, the Supreme Court held that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at syllabus.

{¶6} This Court has recognized "the challenges inherent in allowing a criminal defendant to raise, on appeal, an allied offense attack to a negotiated guilty plea because the reviewing court has a limited record of facts, if any, upon which to make an allied offenses analysis." *State v. Vitt*, 9th Dist. Medina No. 11CA0071-M, 2012-Ohio-4438, ¶ 10. The analysis is even more difficult if the record is incomplete. In this case, one source of facts that was available to the trial court was the presentence investigation report, which the trial court ordered the probation department to prepare before Ms. Furman's sentencing hearing. Under Section 2951.03(A)(1), a presentence investigation report must include "an inquiry into the circumstances of the offense * * *." *Id*. at ¶ 13. Section 2929.19(B)(1) provides that, if a presentence investigation report is prepared in a case, the trial court must consider it before imposing sentence.

{¶7} In this case, the record indicates that a presentence investigation was prepared, and the prosecutor specifically referred to it at Ms. Furman's first sentencing hearing. According to the prosecutor, the report contained "many of the facts that are laid out in regards to the

incident[.]" The presentence investigation report, however, has not been made part of the appellate record. Under Appellate Rule 9, it was Ms. Furman's "burden of providing an adequate record of the trial court's proceedings, including all the necessary transcripts and documents, for this Court's review." *Vitt* at ¶ 12, quoting *State v. Zeffer*, 9th Dist. Summit Nos. 19893, 19963, 2000 WL 1825092, *7 (Dec. 13, 2000). In light of the fact that the record does not contain the presentence investigation report, we do not have the same information that the trial court had when it determined whether Ms. Furman's offenses were allied under Section 2941.25(A). Accordingly, as in *Vitt*, "we must presume the validity of the trial court's sentencing with regard to its determination, pursuant to *Johnson*," that the aggravated burglary and aggravated robbery offenses do not merge. *Id*. at ¶ 13. Ms. Furman's first assignment of error is overruled.

{¶8} In her second assignment of error, Ms. Furman argues that the trial court abused its discretion when it sentenced her to more than the minimum sentence and ordered the sentences to run consecutively. She asserts that the only reason she told Mr. Louthian about Mr. Allen's house is because he threatened her. She also notes that she was not present during the incident, and contends that she contacted law enforcement with information about the crimes as soon as she learned that Mr. Allen had been injured. She also asserts that she does not have a criminal record and was remorseful for her acts.

{¶9} As with her first assignment of error, because the record does not contain the presentence investigation report, this Court is not able to adequately review the circumstances of the offense, Ms. Furman's criminal history, or the affect that the offenses had on Mr. Allen. *See Vitt* at ¶ 13, citing R.C. 2951.03(A)(1). We, therefore, must presume the validity of the sentence that the trial court imposed. *Id*. at ¶ 15. Ms. Furman's second assignment of error is overruled.

III.

{¶10} Because the appellate record does not contain the presentence investigation report, we must presume the validity of Ms. Furman's sentence. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

KERRY O'BRIEN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.