[Cite as *State v. Asefi*, 2014-Ohio-2510.]

STATE OF OHIO        )                 IN THE COURT OF APPEALS
                            )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| STATE OF OHIO | C.A. No. 26931 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARID B. ASEFI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 09 2587(E) |

DECISION AND JOURNAL ENTRY

Dated: June 11, 2014

BELFANCE, Presiding Judge.

{¶1} Marid Asefi appeals from the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} On June 26, 2011, Mr. Asefi, along with some accomplices, broke into David Allen's home and assaulted and robbed him. Mr. Asefi was indicted on charges of aggravated burglary, aggravated robbery, felonious assault, grand theft, and theft from the elderly. Following plea negotiations, the State dismissed the charges of felonious assault, grand theft, and theft from elderly, and Mr. Asefi pleaded guilty to aggravated burglary and aggravated robbery. The trial court sentenced Mr. Asefi to an aggregate term of 20 years in prison. Mr. Asefi appealed, and this Court remanded for the trial court to consider *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, in the first instance. *State v. Asefi*, 9th Dist. Summit No. 26430, 2012-Ohio-6101, ¶ 8.

**{¶3}** On remand, the trial court held a hearing to consider the merger issue. Mr. Asefi objected, arguing that the hearing needed to be an evidentiary hearing. The trial court overruled the objection and proceeded to determine that Mr. Asefi's offenses were not allied offenses of similar import based on the information contained in the presentence investigation report. The trial court reimposed Mr. Asefi's 20-year prison term.

**{¶4}** Mr. Asefi has appealed, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN RULING THAT A *JOHNSON* HEARING NEED NOT BE AN EVIDENTIARY HEARING IN ORDER FOR IT TO MAKE A DETERMINATION AS TO WHETHER OR NOT THE OFFENSES OF AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY WERE ALLIED OFFENSES OF SIMILAR IMPORT.

**{¶5}** In Mr. Asefi's first assignment of error, he argues that the trial court was required to hold an evidentiary hearing to determine whether his sentences were allied offenses of similar import subject to merger. We disagree.

**{¶6}** Since the Supreme Court decided *Johnson*, appellate courts have held that, "'where the record suggests that multiple offenses to which a defendant has pled guilty or no contest may be allied offenses of similar import, but the record is inconclusive in that regard, the trial court has a duty to conduct inquiry concerning the circumstances of the offenses, and the trial court's failure to do so is plain error.'" *State v. Bryant*, 10th Dist. Franklin No. 12AP-703, 2013-Ohio-5105, ¶ 18, quoting *State v. Cleveland*, 2d Dist. Montgomery No. 24379, 2011-Ohio-4868, ¶ 19; *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, 98590, 2013-Ohio-3235, ¶ 63 (A trial court commits plain error in failing to inquire and determine merger question where facial question of allied offenses presents itself.).

Mr. Asefi argues that, in the context of this case, the allied offense inquiry must take the form of an evidentiary hearing, while the State contends that a less formal hearing is required. However, neither party has cited any case directly on point, and our own research indicates that what constitutes the necessary inquiry appears to be a question of first impression post-*Johnson*.

{¶7} Nevertheless, we are not without some guidance. The Supreme Court recently decided *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, providing some clarity on the issue of allied offenses of similar import subsequent to *Johnson*. The Supreme Court noted that "[m]erger is a sentencing question, not an additional burden of proof shouldered by the state at trial." *Id*. at ¶ 18. It further noted that, "in the vast majority of cases—that is, cases resolved by entry of a guilty plea—there is no evidence, no opening statement, no closing argument, and little upon which a court can rely to discern the state's theory of the case. In those cases, the sentencing hearing may be the only source of information relating to merger." (Internal citations omitted.) *Id* at ¶ 19.

{¶8} Sentencing courts have long been permitted to "'exercise a wide discretion in the sources and types of evidence used to assist [it] in determining the kind and extent of punishment to be imposed within limits fixed by law.'" *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 14 (2d Dist.), quoting *Williams v. New York*, 337 U.S. 241, 246 (1949). Likewise*,* R.C. 2929.19 grants broad discretion to the trial court to consider any information relevant to the imposition of a sentence. R.C. 2929.19(A) allows the state and the defendant to "present information relevant to the imposition of sentence in the case[,]" and R.C. 2929.19(B) requires the trial court to "consider the record, *any information* presented at the hearing by *any person* pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report * * * and any victim impact statement * * *." (Emphasis added.). In other words, R.C.

2929.19 sets out a procedure less formal than an evidentiary hearing for interested parties to submit arguments and information to the trial court. *See Bowser* at ¶ 14, quoting *Nichols v. United States*, 511 U.S. 738, 747 (1994) ("[T]he sentencing process is 'less exacting than the process of establishing guilt.'").

{¶9} Given that "[m]erger is a sentencing question," it would follow that the procedures set out in the sentencing hearing statutes would be controlling. *See Washington* at ¶ 18. Thus, while the trial court must conduct an inquiry into the circumstances of the offense, the procedures set forth in R.C. 2929.19 do not require an evidentiary hearing with sworn testimony and cross-examination. Notwithstanding, where there is a question of merger, the factual circumstances surrounding the defendant's conduct must be developed so as to enable the trial court to actually determine the merger question and to enable appropriate appellate review. *See Cleveland*, 2011-Ohio-4868, at ¶ 17 (finding remand necessary to consider merger where the circumstances concerning the question of merger were not well developed in the record at sentencing notwithstanding existence of presentence investigation report); *Bryant*, 2013-Ohio-5105, at ¶ 19 (where record contained limited recitation of facts by prosecutor, record on appeal was not developed sufficiently to determine merger question). Thus, when considering the question of merger, the trial court must conduct its inquiry with attention to adducing information relevant to its consideration of the statutory elements of each offense in the context of the defendant's conduct. *See State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 20 ("[I]n making an allied-offenses determination, a court should not employ an abstract analysis, but instead should consider the statutory elements of each offense in the context of the defendant's conduct.").

{¶10} Nevertheless, Mr. Asefi contends that an evidentiary hearing is required for allied-offense inquiries under circumstances where there is a plea and the parties do not agree on the facts of the case. We are not persuaded by his argument given that R.C. 2929.19 provides wide latitude for a defendant to present any information relevant to the merger issue including the defendant's own statements as to the conduct surrounding the offenses that may be subject to merger. *See* R.C. 2929.19. *See also Bowser* at ¶ 14.

{¶11} For the foregoing reasons, we conclude that the trial court properly determined that an evidentiary hearing was not necessary and that it should proceed in accordance with the requirements of R.C. 2929.19. Accordingly, Mr. Asefi's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES FOR AGGRAVATED ROBBERY AND AGGRAVATED BURGLAR[]Y BECAUSE THE OFFENSES WERE COMMITTED WITH THE SAME COURSE OF CONDUCT AND ANIMUS AND [] THEREFORE ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶12} Mr. Asefi argues in his second assignment of error that the trial court should have merged his convictions for purposes of sentencing because aggravated burglary and aggravated robbery are allied offenses of similar import and he committed them with the same conduct and animus.

{¶13} We pause to briefly address the State's argument that Mr. Asefi's argument is barred by this Court's decision in *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503. In *Linde*, the defendant pleaded guilty to R.C. 2911.11(A)(1)/(3)[1] and R.C. 2911.01(A)(1)/(3).

---

[1] The majority noted that R.C. 2911.11(A)(3) does not exist and that it was probably a clerical error intended to refer to R.C. 2911.11(A)(2). *See Linde* at ¶ 16, fn. 2.

*Linde* at ¶ 16.  The majority concluded that Mr. Linde's sentences did not merge because "aggravated burglary offense was complete when he broke into [the victim's] house with a knife for the purpose of taking money from the house[]" and, therefore, could not merge with his aggravated robbery offense which did not occur until the victim "emerged from his hiding place and [the defendant] attacked him, thereby causing him serious physical harm."  *Id*. at ¶ 19.  In reaching that conclusion, the majority cited appellate decisions which have held that aggravated burglary with a deadly weapon (R.C. 2911.11(A)(1)) is complete upon entering the structure. *Linde* at ¶ 18.  However, the majority also noted that "[t]he exception to the general rule has been in cases where the offender was convicted strictly under the physical harm subsections of both the aggravated burglary and aggravated robbery statutes, as neither crime could be completed until the physical harm element was satisfied."  *Id*.  It concluded the exception was inapplicable because the defendant "was not convicted *strictly* under the physical harm subsections of aggravated burglary and aggravated robbery."  (Emphasis added.) *Id*.  Unlike the defendant in *Linde*, Mr. Asefi *was* convicted strictly under the physical harm subsections of aggravated burglary and aggravated robbery. Mr. Asefi only pleaded guilty to violating R.C. 2911.11(A)(1) and R.C. 2911.01(A)(3), which *are* "the physical harm subsections of both the aggravated burglary and aggravated robbery statutes * * *."  *Linde* at ¶ 18.  Thus, the exception to the general rule acknowledged in *Linde* applies in this case.  *Id*. at ¶ 18.  *See also State v. Powell*, 59 Ohio St.3d 62 (1991), paragraph one of the syllabus ("The crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized.").

**{¶14}** Notwithstanding, we overrule Mr. Asefi's assignment of error in light of the record in this case.  The presentence investigation report, which the trial court specifically relied upon at sentencing, is not part of the record on appeal; thus, we must presume regularity in the

proceedings below. *State v. Furman*, 9th Dist. Summit No. 26825, 2014-Ohio-20, ¶ 7 ("In light of the fact that the record does not contain the presentence investigation report, we do not have the same information that the trial court had when it determined whether Ms. Furman's offenses were allied * * *[,]" and, therefore, "we must presume the validity of the trial court's sentencing with regard to its determination, pursuant to *Johnson*[.]") (Internal quotations and citations omitted.).

**{¶15}** Accordingly, Mr. Asefi's second assignment of error is overruled.

III.

**{¶16}** Mr. Asefi's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶17} A conflict exists among the various district courts as to when plain error exists with respect to merger issues at sentencing when the defendant has pleaded guilty to multiple charges. For example, the First District has declined to find error where the defendant has not actually demonstrated that the charges constituted allied offenses of similar import. *E.g., State v. Wesseling*, 1st Dist. Hamilton No. C-110193, 2011-Ohio-5882, ¶ 16. On the other hand, the Eighth District has held that a sentencing court commits plain error merely by failing to inquire when the determination whether the offenses are allied is not clear from the record. *E.g., State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, 98590, 2013-Ohio-3235, ¶ 46. For the first time in this Court, the majority is taking the position that the trial court commits plain error by failing to inquire after a guilty plea to determine the issue of merger where a facial question of allied offenses exists. I do not agree that plain error is implicated by a lack of inquiry by the trial court, as plain error may only be demonstrated by actual sentencing on allied offenses.

{¶18} Any issue pertaining to allied offenses and plain error must be examined in light of *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1. In *Underwood*, the Ohio Supreme

Court accepted a certified question as to whether a guilty plea with a jointly recommended sentence could be appealed where the defendant is sentenced on allied offenses. In a 4-3 decision, the Supreme Court held that the matter was appealable and reviewable under a plain error standard. *Id.* at paragraph one of the syllabus. The high court then determined that Underwood had demonstrated plain error because the State had conceded that the offenses were allied and Underwood could only be sentenced on two of the four offenses. In making its determination, the *Underwood* court stated: "When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense. Nevertheless, if a trial court fails to merge allied offenses of similar import, the defendant merely has the right to appeal the sentence." *Id.* at ¶ 29. In other words, the trial court is not relieved of its obligation to avoid sentencing on allied offenses of similar import. However, it need only make its determination on the basis of the information before it.

{¶19} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This Court reviews an issue for plain error in cases where the appellant has otherwise forfeited the issue on appeal by failing to raise it below at a time when the trial court had the opportunity to correct the alleged error. *State v. Dent*, 9th Dist. Summit No. 20907, 2002-Ohio-4522, ¶ 6. In these cases, where the defendant failed to object during sentencing, he has not waived the issue of the imposition of allied offenses. Rather, he has merely forfeited the ability to challenge his sentence on the basis of anything other than plain error.

{¶20} A reviewing court will correct plain error where three conditions have been met:

First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be plain within the meaning of Crim.R. 52(B), an

> error must be an obvious defect in the trial proceedings. * * * Third, the error must have affected substantial rights. We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.

(Internal citations and quotations omitted) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16. The third condition requires a showing of prejudice and this Court may not reverse the judgment of the trial court on the basis of plain error, unless appellant has established prejudice, i.e., that the outcome of the trial clearly would have been different but for the alleged error. *State v. Kobelka*, 9th Dist. Lorain No. 01CA007808, 2001 WL 1379440 (Nov. 7, 2001), citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996). "The burden of demonstrating plain error is on the party asserting it." *Payne* at ¶ 17.

What Constitutes Plain Error

{¶21} The question then becomes: What constitutes plain error when a defendant is sentenced without objection to multiple offenses? The majority concludes that a trial judge's mere failure to inquire as to the possibility of allied offenses gives rise to plain error. This conclusion is inconsistent with the prior plain error analysis and specifically rejected in *Underwood*, as discussed above. After holding that a defendant has the right to appeal a sentence he believes includes multiple punishments for allied offenses of similar import, the *Underwood* court ultimately decided that the trial court plainly erred in that case, not because it failed to inquire, but rather because the defendant had met his burden of demonstrating plain error because the State conceded before the trial court that the offenses were allied. *Underwood* at ¶ 30.

{¶22} A sentence that is not obviously wrong cannot constitute plain error. In the context of multiple sentences, I would hold that plain error cannot be found unless the defendant can demonstrate that he was actually sentenced on allied offenses. *See Underwood* at ¶ 31; *see*

*also Wesseling, supra*, at ¶ 16. Where the defendant has pleaded guilty, it is not the absence of facts in the record or a lack of inquiry which would allow the trial court to make a determination as to whether offenses are allied that forms the basis of any plain error. Instead, it is the actual imposition of multiple sentences on allied offenses that forms the basis of error. This comports with the law enunciated in *Underwood* at ¶ 26, which recognizes that the trial court has no authority to impose separate sentences for allied offenses. *Underwood* does not require the trial court to create, and then resolve, an issue regarding allied offenses where one is not otherwise apparent due to a lack of facts on the record. As noted above, in *Underwood*, the State stipulated that the underlying convictions were allied so error obviously occurred. Where there are no facts on the record to allow the trial court to consider whether the offenses are allied, a plain error analysis by this Court cannot constitute a viable mechanism to determine whether the trial court erred by imposing multiple sentences. In other words, the absence of facts in the record precludes a showing that the results of the proceedings would have been different because there is nothing to demonstrate that the defendant was actually sentenced to allied offenses. Instead, the defendant's recourse is to file a petition for post-conviction relief, in which he may create a factual record to allow the trial court to engage in an allied offenses analysis.

Steps to Protect the Defendant's Right to a Proper Sentence

{¶23} The concern of the sentencing and reviewing courts is that the defendant receives a proper sentence. The parties and trial court can take steps to be certain that the defendant's right to be free from multiple punishments for allied offenses is not infringed. I would suggest the following measures to ensure this.

{¶24} In the case of a conviction pursuant to a guilty plea or no contest plea, where the record is inconclusive as to whether certain offenses are allied, the State and/or trial court can

prevent the defendant from receiving an erroneous sentence by taking certain precautions at the time of the plea. First, the prosecutor could address the issue of allied offenses as part of the plea bargain. *Underwood* at ¶ 29. The simplest way would be for the defendant to agree that the offenses are not allied offenses of similar import, and for the trial court to secure the defendant's waiver of the right to later challenge his sentences. Another alternative would be for the State to recite the factual basis for each plea, thereby giving the sentencing court the information required to make a determination regarding allied offenses. *Rogers*, 2013-Ohio-3235, at ¶ 46. This approach has been recognized in other courts, as well. The Eleventh District Court of Appeals cited a lengthy recitation of facts by the prosecutor prior to the defendant's being sentenced on six counts of gross sexual imposition. *State v. Devai*, 11th Dist. Ashtabula No. 2012-A-0054, 2013-Ohio-5264. The *Devai* court concluded that there was no plain error by the trial court in failing to analyze the issue of merger where the record contained such facts as would demonstrate that the offenses were committed separately. *Id.* at ¶43. Although the prosecutor recited the facts at the sentencing hearing, the *Devai* court recognized that the requisite record of facts could be made at either the plea or sentencing hearing. *Id.* at ¶ 26, citing *Rogers* at ¶ 44.

**{¶25}** Second, the parties could enter into a stipulation or agreement on the record regarding the specific conduct underlying the charges for the express purpose of allowing the sentencing court to determine which offenses, if any, are allied. *See Rogers* at ¶ 40. A stipulation as to the factual basis for the offenses would construct the necessary foundation to allow the sentencing court to conduct the requisite analysis.

Conclusion

**{¶26}** Notwithstanding my concerns, in this case, I agree that no hearing was required for the trial court to determine whether the offenses were allied offenses of similar import. Asefi

has not demonstrated plain error, i.e., that he was sentenced to multiple prison terms for allied offenses. In fact, this Court recited the State's description of the events underlying the offenses at the original plea hearing, to which Asefi did not object. *State v. Asefi*, 9th Dist. Summit No. 26430, 2012-Ohio-6101, ¶ 2. Accordingly, the undisputed facts relevant to a determination of the issue of allied offenses were already on the record for the trial court's consideration. Moreover, those facts on the record demonstrated that the offenses were not allied. Therefore, in that regard, the absence of a presentence investigation report is not dispositive of the issue on appeal. Nevertheless, I agree with the majority's conclusion that, in this case, the trial court did not err by failing to hold an evidentiary hearing on the issue of whether the offenses were allied offenses of similar import.

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.