[Cite as *State v. Clemons*, 2014-Ohio-4248.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

TAKEYA S. CLEMONS

     Defendant-Appellant


Appellate Case No.    26038

Trial Court Case Nos.   2013-CR-3221
                         2013-CR-944

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of September, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 131 North Ludlow Street, Suite 1210, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Takeya S. Clemons, appeals from the sentence she received in the Montgomery County Court of Common Pleas following a guilty plea to one count of pandering sexually oriented material involving a minor. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On August 12, 2013, Clemons was indicted on one count of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1), a felony of the second degree. The charge arose from Clemons videotaping herself having sex with a 16-year-old minor and then posting the video online to her Facebook account. Clemons pled guilty to the pandering charge on November 8, 2013. Thereafter, the trial court imposed a two-year prison sentence, which was ordered to run concurrently with a one-year prison sentence in an unrelated case. The trial court also designated Clemons as a Tier II sex offender and ordered her to register as provided by law. Clemons now appeals from her two-year prison sentence, raising one assignment of error for review.

{¶ 3} Clemons's sole assignment of error is as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED AN UNLAWFUL SENTENCE BASED ON AN INCORRECT UNDERSTANDING OF THE FACTS OF THE CASE.

{¶ 4} Under this assignment of error, Clemons contends her two-year prison sentence is unlawful because the trial court considered uncharged conduct at sentencing. Specifically, Clemons claims that the trial court imposed her sentence based on a misunderstanding that she was charged with engaging in sexual activity with a minor.

**{¶ 5}** As a preliminary matter, we note that R.C. 2953.08(G)(2) is the appellate standard of review for felony sentences. *See State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). The statute states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)     That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶ 6}** The findings under the statutory provisions listed in division (a) of R.C. 2953.08(G)(2) are not in dispute and are irrelevant to this case; therefore, the threshold issue is whether Clemons's sentence is clearly and convincingly contrary to law. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer* at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶ 7}** In this case, Clemons does not argue that the trial court imposed a sentence outside the statutory range, but implies the trial court failed to consider the appropriate sentencing factors. Specifically, Clemons claims her sentence is contrary to law because the trial court considered uncharged conduct of engaging in sexual activity with a minor. However, Ohio law is clear that " '[u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.' " *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, ¶ 69, quoting *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310, ¶ 86. (Other Citation omitted.) In fact, "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.).

**{¶ 8}** "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43. A court may also consider "allegations of uncharged criminal conduct found in a PSI report[.]" (Citation omitted.) *Bowser* at ¶ 15. *Accord State v. Scheer*, 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602, ¶ 13 (4th Dist.) (finding that "[a] court may consider a defendant's uncharged yet undisputed conduct when determining an appropriate sentence").

**{¶ 9}** Here, the presentence investigation report (PSI) stated that during the presentence investigation interview, Clemons reported that she had videotaped herself having consensual sex

with the victim, who was 16-years-old at the time, and then posted the video online to Facebook out of spite. At sentencing, the trial court indicated that it had reviewed the PSI and noted that Clemons's choice to have sexual activity with a minor was disturbing. Specifically the trial court stated:

> I have reviewed the presentence investigation and I also have the statement from the victim's mother. And I'm going to address primarily the pandering of sexually oriented material involving a minor. The disturbing, very disturbing fact, ma'am, there is that you chose to engage in sexual activity with a minor. *That, in and of itself, is not the disturbing issue. It's the fact that you chose, out of what appears to be spite or anger, to then post a video of that very graphic sexual activity on Facebook as a–really out of anger.* And that's something that I'm sure you know you can't take back. The report indicates people who knew the victim saw it, reported it to her and her mother. And so this isn't something that was just out there but it's caused a lot of damage, ma'am, to a lot of people.

(Emphasis added.) Transcript (Dec. 27, 2013), p. 7.

{¶ 10} The transcript of the sentencing hearing does not establish any misunderstanding of the facts by the trial court. It also clearly establishes that Clemons's sexual activity with the minor victim was not the sole basis for the trial court's imposition of a two-year prison sentence. Instead, the record indicates that the trial court primarily considered Clemons's conduct of posting a sexually graphic video of a minor on Facebook, which caused emotional damage and undue stress to the victim and her family. In addition, the trial court indicated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors

set forth in R.C. 2929.11 and R.C. 2929.12. The fact that the trial court considered the disturbing nature of the uncharged sexual activity along with the other considerations, does not render the resulting two-year prison sentence contrary to law.[1]

{¶ 11} For the foregoing reasons, Clemons's sole assignment of error is overruled. Having overruled Clemons's only assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FAIN, J., concurring in judgment.

{¶ 12} For the reasons set forth in Judge Froelich's dissenting opinion in *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), I am not convinced that all appellate reviews of sentences are governed by R.C. 2953.08(G)(2). But even if the sentence in this case can properly be reviewed under an abuse-of-discretion standard of review, I find no abuse of discretion in this case. In all other respects, I concur in Judge Welbaum's opinion for this court.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Jeffrey T. Gramza
Hon. Michael W. Krumholtz

---

[1] We have reviewed Clemons's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069. In *Rodeffer*, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1. Regardless, in the case before us, we find no error in the sentence imposed under either standard of review.