[Cite as *State v. D'Amico*, 2015-Ohio-278.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    27258 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS J. D'AMICO | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 13 04 0997 |

DECISION AND JOURNAL ENTRY

Dated: January 28, 2015

BELFANCE, Presiding Judge.

{¶1}    Thomas D'Amico appeals his sentence imposed by the Summit County Court of Common Pleas.  For the reasons set forth below, we affirm.

I.

{¶2}    On March 17, 2013, Mr. D'Amico ran up behind Richard Fugo, who was the fiancée of Mr. D'Amico's former wife, M.S., broke a beer bottle over Mr. Fugo's head, and attempted to stab him in the neck with it.  As a result of this attack, Mr. D'Amico was indicted on charges of felonious assault, menacing by stalking, aggravated menacing, and violating a protection order.  Mr. D'Amico pleaded guilty to felonious assault and violating a protection order, and the remaining counts were dismissed.  The trial court sentenced Mr. D'Amico to seven years in prison.

{¶3}    Mr. D'Amico has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN CONSIDERING UNCHARGED CONDUCT
IN SENTENCING THE DEFENDANT.

{¶4}    Mr. D'Amico argues that his sentence was contrary to law because the trial court considered conduct of which he had never been charged or convicted.  We disagree.

{¶5}    This Court utilizes the test set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, when reviewing criminal sentences.  *See State v. Roper*, 9th Dist. Summit No. 27025, 2014-Ohio-4786, ¶ 30.

> First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Kalish* at ¶ 26.

{¶6}    Mr. D'Amico argues that his sentence was contrary to law because the trial court considered uncharged conduct in sentencing him; specifically, Mr. D'Amico points to statements made by his former wife about when he allegedly assaulted her.  However, "Ohio law is clear that [u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence." (Internal quotations and citations omitted.) (Alterations sic.) *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 7.  Sentencing courts have long been permitted to "'exercise a wide discretion in the sources and types of evidence used to assist [it] in determining the kind and extent of punishment to be imposed within limits fixed by law.'"  *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 14 (2d Dist.), quoting *Williams v. New York*, 337 U.S. 241, 246 (1949).  "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the

court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14.

{¶7} "Likewise, R.C. 2929.19 grants broad discretion to the trial court to consider any information relevant to the imposition of a sentence." *State v. Asefi*, 9th Dist. Summit No. 26931, 2014-Ohio-2510, ¶ 8. R.C. 2929.19(A) allows the state and the defendant to "present information relevant to the imposition of sentence in the case[,]" and R.C. 2929.19(B) requires the trial court to "consider the record, *any information* presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report * * * and any victim impact statement * * *." (Emphasis added.). "In other words, R.C. 2929.19 sets out a procedure less formal than an evidentiary hearing for interested parties to submit arguments and information to the trial court." *Asefi* at ¶ 8.

{¶8} We initially note that the trial court considered a video of the incident and the presentence investigation, neither of which are in the appellate record. *See Asefi* at ¶ 14 (When the sentencing court considers a presentence investigation report, an appellate court must presume regularity if the report is not included in the appellate record.); *State v. Spurlock*, 9th Dist. Lorain No. 13CA010354, 2013-Ohio-5369, ¶ 8 ("[I]t is the duty of the appellant to ensure that the record on appeal is complete.") (Internal quotations and citations omitted.). The trial court also heard statements from M.S., Mr. Fugo, Mr. Fugo's mother, and Mr. D'Amico. Mr. Fugo told the court that Mr. D'Amico attacked him from behind without provocation. According to Mr. Fugo, the incident "changed [his] life. It is very hard for [him] to go out without being concerned * * *." He missed work at the business he owns and is now "very paranoid to be in public sometimes." M.S. told the court about numerous incidents of alleged abuse by Mr. D'Amico before she obtained a protection order. When Mr. D'Amico spoke, he denied the

incidents of abuse and offered information pertinent to the court's consideration of the sentencing factors including mitigation.

{¶9}    Prior to sentencing Mr. D'Amico, the trial court specifically considered many of the sentencing factors set forth in R.C. 2929.11 and 2929.12 at the hearing.   During its discussion, the trial court stated that "the victims of [Mr. D'Amico's] offenses have suffered serious physical and psychological harm as a result * * *."   Mr. D'Amico suggests that this statement is indicative of the trial court considering his alleged assaults on his former wife. However, read in context, it is more likely that the court was actually summarizing the harm caused by Mr. D'Amico — i.e., the serious physical harm to Mr. Fugo and the serious psychological harm to Mr. Fugo and M.S. — rather than saying that both suffered serious physical harm.   Regardless, even accepting Mr. D'Amico's interpretation, we cannot conclude that this single statement by the trial court indicates that it based its sentencing decision solely on the alleged assault on his former wife, especially given Mr. Fugo's statement to the court and the court's lengthy discussion about other factors on the record, including Mr. D'Amico's previous criminal history. *Accord Clemons*, 2014-Ohio-4248, at ¶ 7.

{¶10}  Furthermore, it is clear from the record that the focus of the hearing was on the attack upon Mr. Fugo, not the alleged abuse described by M.S.   M.S.'s statements about the abuse were relayed as she explained the history of her past relationship with Mr. D'Amico and helped provide context concerning the attack on Mr. Fugo as well as the violation of the protection order.   In any case, given the incomplete record in this case, we must presume regularity in the sentencing proceedings. *See Asefi*, 2014-Ohio-2510, at ¶ 14.

{¶11}  Accordingly, Mr. D'Amico's assignment of error is overruled.

III.

**{¶12}** In light of the foregoing, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

RUSSELL S. BENSING, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.