[Cite as *State v. Spurlock*, 2013-Ohio-5369.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

RUBIN E. SPURLOCK JR.

    Appellant

C.A. No.     13CA010354

APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2012TRC05785

DECISION AND JOURNAL ENTRY

Dated: December 9, 2013

HENSAL, Judge.

{¶1}　Rubin Spurlock appeals a judgment of the Elyria Municipal Court that convicted him of driving under the influence. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2}　According to state highway trooper Bryan Holden, he was on patrol on July 13, 2012, around 1:45 a.m. when he saw a car following too closely behind a semi-truck. As he followed behind the car, it moved from the right lane to the center lane without a turn signal and, after passing the semi, moved back to the right lane without a turn signal. After Trooper Holden saw the car also make a marked lanes violation, he initiated a traffic stop.

{¶3}　Trooper Holden testified that he approached the car on the passenger side and immediately noticed a strong odor of alcohol when the passenger opened the window. Because he could not tell whether the odor was coming from the driver, Mr. Spurlock, or the passenger,

he asked Mr. Spurlock to step out of the car. He isolated Mr. Spurlock on the side of the road and still noticed a moderate odor of alcohol, so he began administering field sobriety tests. He testified that he saw six clues during the horizontal-gaze nystagmus test, six clues during the walk-and-turn test, and three clues during the one-leg-stand test. The results indicated to him that Mr. Spurlock was inebriated. After finishing the tests, he asked Mr. Spurlock if he would take a portable breath test, but Mr. Spurlock refused. Based on his observations during the stop, Trooper Holden arrested Mr. Spurlock for operating under the influence and refusing to submit to the portable breath test. He also cited him for failing to signal turns.

{¶4} Mr. Spurlock moved to suppress the results of the sobriety tests, any statements that he made to law enforcement officers, and Trooper Holden's observations about him during the stop. He argued that the trooper did not have a legitimate reason to detain him, did not have probable cause to arrest him, and that his statements were obtained in violation of his constitutional rights. Following a hearing on his motion, the municipal court denied it. Mr. Spurlock subsequently pleaded no contest to a charge of driving under the influence under the Elyria municipal code. The court sentenced him to 37 days in jail, which it suspended, and dismissed the other charges. Mr. Spurlock has appealed the denial of his motion to suppress, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE DENIAL OF DEFENDANT'S MOTION TO SUPPRESS WAS IMPROPER AS THE DEFENDANT'S ARREST FOR OVI WAS NOT SUPPORTED BY PROBABLE CAUSE AND IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 14 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶5} Mr. Spurlock argues that the municipal court incorrectly denied his motion to suppress. A motion to suppress presents a mixed question of law and fact:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6} Mr. Spurlock argues that the trial court should have granted his motion to suppress because Trooper Holden did not have probable cause to arrest him. To determine whether a police officer had probable cause to arrest an individual for operating under the influence, we consider whether, under the totality of the facts and circumstances surrounding the arrest at the moment of arrest, the officer "had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), superceded on other grounds by statute as recognized in *State v., Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37.

{¶7} Trooper Holden testified that he stopped Mr. Spurlock because he observed him changing lanes without using a turn signal and committing a marked lanes violation. When he approached the car, he immediately detected a strong odor of alcohol, so he separated the driver and passenger to determine the source of the smell. He testified that Mr. Spurlock smelled moderately of alcohol, so he conducted field sobriety tests. During the horizontal-gaze nystagmus test, he observed that Mr. Spurlock's eyes were bloodshot. During the walk-and-turn test, Mr. Spurlock failed to follow his directions and "almost walked into traffic." During the

one-leg-stand test, Mr. Spurlock dropped his foot after only 20 seconds. He also swayed back and forth and had to throw his arms up to catch himself.

{¶8} Mr. Spurlock argues that the field sobriety tests were not done in substantial compliance with national standards so the fact that he "fail[ed]" the tests is of questionable value. In *Homan*, however, the Ohio Supreme Court explained that "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded for lack of * * * compliance." *Homan*, 89 Ohio St. 3d at 427. In this case, in addition to Trooper Holden's testimony, the court had the opportunity to view a video of the traffic stop. That video, however, has not been made part of the appellate record. "[I]t is the duty of the appellant to ensure that the record on appeal is complete." *State v. Unik*, 9th Dist. Lorain No. 11CA009996, 2012-Ohio-307, ¶ 7, quoting *State v. Daniels*, 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 22. Without a copy of the video, we "must presume regularity of the proceedings and affirm the decision of the trial court." *State v. Jones*, 9th Dist. Summit. No. 22701, 2006-Ohio-2278, ¶ 39. Mr. Spurlock's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE DENIAL OF DEFENDANT'S MOTION TO SUPPRESS WAS IMPROPER AS THE TRIAL COURT'S DETERMINATION THAT ALL TESTS WERE DONE FOR THE DETECTION OF OVI WERE DONE IN SUBSTANTIAL COMPLIANCE WITH RULES WAS NOT SUPPORTED BY EVIDENCE OF ANY ACCEPTABLE STANDARDS OR RULES; THAT BEING NEITHER PROFFERED BY THE STATE NOR TAKEN BY JUDICIAL NOTICE.

{¶9} Mr. Spurlock argues that the trial court should have at least suppressed the results of the field sobriety tests because there is no evidence that they were performed in compliance

with national standards. Under Revised Code Section 4511.19(D)(4)(b), an officer may testify concerning the results of a field sobriety test only if:

> [I]t is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration[.]

{¶10} In *State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, this Court determined that, under Section 4511.19(D)(4)(b), the State has the burden of establishing substantial compliance. *Id*. at ¶ 21. In that case, the police officer who stopped Edmund Sunday testified that he was certified to perform breathalyzer tests and to conduct field sobriety tests, but he did not testify that he performed any of the tests he administered in substantial compliance with standardized testing procedures. *Id*. at ¶ 22. Although he testified that he conducted the tests in accordance with his training, he did not testify about what guidelines he used or whether the tests conformed to any standardized testing procedure. *Id*. On cross-examination, he admitted that he could not recall whether his training utilized National Highway Traffic Safety Administration (NHTSA) standards. *Id*. at ¶ 23. At no point during his testimony, did he testify that he had substantially complied with any specific guidelines. The State also failed to admit the NHTSA manual. *Id*. at ¶ 24. This Court, therefore, concluded that the results of the tests should be suppressed. *Id*. at ¶ 24-25.

{¶11} Trooper Holden testified that he was trained "according to the NHTSA manual." He also testified that he conducted the horizontal-gaze nystagmus test "the way I was instructed to do it officer safety-wise * * *." He did not otherwise testify that he performed any of the field sobriety tests in accordance with the way he had been trained, in accordance with the NHTSA manual, or in accordance with some other standardized testing procedure. The State also did not

submit a NHTSA or other standardized testing procedure manual. Accordingly, upon review of the record, we conclude that there was no competent, credible evidence to support the municipal court's finding that "[a]ll tests done for detection of OVI were done in substantial compliance with rules."

{¶12} The State argues that it did not have the burden of demonstrating substantial compliance in this case because Mr. Spurlock did not set forth an adequate factual basis in his motion to suppress identifying how he believed Trooper Holden failed to comply with standardized testing procedures. It notes that Mr. Spurlock did not even mention the NHTSA manual in his motion. *See State v. Codeluppi*, 9th Dist. Lorain No. 11CA010133, 2012-Ohio-5812, ¶ 24-26.

{¶13} Mr. Spurlock argues, and we agree, that the State forfeited its opportunity to challenge the adequacy of his motion to suppress by failing to object to it in the municipal court. "While Crim.R. 47 requires a defendant to state his grounds for a motion to suppress 'with particularity,' the state waives this issue if it is not raised in opposition to a defendant's motion to suppress." *State v. O'Neill*, 175 Ohio App.3d 402, 2008-Ohio-818, ¶ 33 (6th Dist.); *State v. Mayl*, 154 Ohio App.3d 717, 2003-Ohio-5097, ¶ 22 (2d Dist.). In addition, this Court has recognized that a trial court may allow a defendant to supplement his motion to suppress during the suppression hearing. *State v. Smith*, 9th Dist. Summit No. 21069, 2003-Ohio-1306, ¶ 13. Upon review of the record, we conclude that the State forfeited its right to challenge whether the motion to suppress contained enough particularity by not raising that issue before the municipal court.

**{¶14}** There was no evidence in the record to support the trial court's finding that the field sobriety tests Trooper Holden administered were in compliance with appropriate standards under Section 4511.19(D)(4)(b). Mr. Spurlock's second assignment of error is sustained.

III.

**{¶15}** The municipal court correctly determined that Mr. Spurlock's arrest was supported by probable cause, but it incorrectly denied his motion to suppress the results of the field sobriety tests. The judgment of the Elyria Municipal Court is affirmed in part and reversed in part, and this matter is remanded for additional proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JACK BRADLEY, MALLORY J. HOLMES, and MICHAEL E. STEPANIK, Attorneys at Law, for Appellant.

SCOTT SERAZIN, MATTHEW A. MISHAK, and MICHELLE D. NEDWICK, Attorneys at Law, for Appellee.