[Cite as *State v. Horvath*, 2014-Ohio-641.]

STATE OF OHIO    )     IN THE COURT OF APPEALS
         )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA  )

STATE OF OHIO         C.A. No.  13CA0040-M

  Appellant

  v.             APPEAL FROM JUDGMENT
                  ENTERED IN THE
MICHAEL F. HORVATH     MEDINA MUNICIPAL COURT
                  COUNTY OF MEDINA, OHIO
  Appellee         CASE No.  12 TRC 03022

DECISION AND JOURNAL ENTRY

Dated: February 24, 2014

---

  CARR, Presiding Judge.

**{¶1}** Appellant, the State of Ohio, appeals the judgment of the Medina Municipal Court granting appellee Michael Horvath's motion to suppress. This Court reverses and remands.

I.

**{¶2}** This matter arises from a traffic stop that occurred in Hinckley Township during the early morning hours of May 25, 2012. Michael Horvath was subsequently charged with two counts of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d), as well as a marked lanes violation in contravention of R.C. 4511.33. On May 30, 2012, Horvath appeared in the Medina Municipal Court for arraignment and pleaded not guilty to the charges. On July 6, 2012, Horvath filed a motion to suppress and argued that there was no basis for the traffic stop. After a hearing, the trial court issued an order granting the motion to suppress on May 16, 2013.

**{¶3}** The State filed a notice of appeal on May 21, 2013. On appeal, the State raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE MEDINA MUNICIPAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.

**{¶4}** In its assignment of error, the State argues that the trial court erred in granting the motion to suppress. This Court agrees.

**{¶5}** In support of its assignment of error, the State points to this Court's decision in *State v. Flanagan*, 9th Dist. Wayne No. 99CA0045, 2000 WL 763332 (June 14, 2000), as well as several other decisions, in support of its position that weaving within a lane gives rise to a reasonable suspicion that a driver is operating his or her vehicle under the influence of alcohol.

**{¶6}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

**{¶7}** The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution proscribe unreasonable searches and seizures. A law enforcement official may conduct a traffic stop when there is a reasonable suspicion of criminal activity, such

as a traffic violation. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968); *State v. Campbell*, 9th Dist. Medina No. 05CA0032-M, 2005-Ohio-4361, ¶ 11.

{¶8} Only one witness testified at the May 13, 2013 suppression hearing. Officer David Stepka of the Hinkley Police Department testified that he was on patrol on Ridge Road during the early morning hours of May 25, 2012. Officer Stepka testified that at approximately 2:53 a.m., he noticed the vehicle ahead of him weaving within its lane in "a serpentine-like motion." Officer Stepka testified that the vehicle was "pretty much going from the center line to the fog line." Officer Stepka further testified that he observed Horvath's vehicle travel on top of the marked lane or the fog line. After making these observations, Officer Stepka turned on his overhead lights and initiated a traffic stop. Officer Stepka testified that he typically initiates a traffic stop under these circumstances because such driving at that hour is often indicative of drunk driving.

{¶9} Officer Stepka testified that upon approaching the vehicle, he noticed that the driver, Horvath, had "glassy, bloodshot eyes" and "a moderate odor of an alcoholic beverage coming from his person." Officer Stepka inquired as to whether Horvath had been drinking, and Horvath responded that he had consumed two beers at a restaurant after work. Horvath consented to three field sobriety tests, which were subsequently administered by Officer Stepka. Following the administration of the field sobriety tests, Horvath was placed under arrest.

{¶10} At the suppression hearing, the State argued that the officer had two legitimate bases to initiate a traffic stop because (1) Horvath was weaving in a serpentine fashion within his lane which was indicative of drunk driving; and (2) Horvath drove on top of the fog line on numerous occasions which constituted reasonable suspicion of a marked lanes violation. However, in its judgment entry granting the motion to suppress, the trial court did not address

both of the justifications for the stop offered by the State. Instead, the trial court granted the motion on the sole basis that "driving on one of the lines indicating the lane markings of the highway but not over the lines does not constitute a [traffic] violation." This Court would exceed its role as a reviewing court if we made the initial determination regarding whether Horvath's driving gave rise to a reasonable suspicion that he was operating his vehicle under the influence of alcohol. *State v. Stambaugh*, 9th Dist. Wayne No. 12CA0027, 2012-Ohio-5568, ¶ 20 (holding that this Court cannot determine a suppression issue that the trial court has not considered in the first instance). Accordingly, this matter must be remanded for the trial court to determine in the first instance whether Horvath's weaving within his lane, under the specific circumstances of this case, gave rise to a reasonable suspicion that he was driving under the influence of alcohol.

{¶11} The assignment of error is sustained.

### III.

{¶12} The State's assignment of error is sustained. The judgment of the Medina Municipal Court is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

GREGORY HUBER, J. MATTHEW LANIER, RICHARD BARBERA and KEVIN DUNN, Prosecuting Attorneys, for Appellant.

DAVID C. SHELDON, Attonrey at Law, for Appellee.