[Cite as *State v. George*, 2014-Ohio-4123.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

    v.

PHILIP A. GEORGE

    Appellant

C.A. No.    13CA0036

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    TRC-13-05-04769

DECISION AND JOURNAL ENTRY

Dated: September 22, 2014

---

CARR, Judge.

{¶1}    Appellant, Philip George, appeals the judgment of the Wayne County Municipal Court. This Court reverses and remands.

I.

{¶2}    On the evening of May 9, 2013, George was driving on North Buckeye Street in Wooster, Ohio, when he was pulled over by police for failing to use his headlights. Upon observing George and smelling a moderate odor of alcohol, police asked George to step out of the vehicle and perform several field sobriety tests. George was eventually placed under arrest and charged with operating a vehicle while under the influence of alcohol and failing to use his headlights. George was later charged with a second count of OVI based on his blood-alcohol concentration.

{¶3}    On June 14, 2013, George filed a motion to suppress arguing that the police lacked probable cause to arrest him on the night of the incident. After a hearing, the trial court

denied the motion to suppress. George entered a plea of no contest to one count of operating a vehicle under the influence of alcohol. He was subsequently found guilty by the trial court. The two remaining charges were dismissed. In addition to a $700 fine, George was sentenced to six days in jail and an 18-month term of community control. He also received an 18-month driver's license suspension.

{¶4} On appeal, George raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY FINDING PROBABLE CAUSE EXISTED
TO ARREST THE DEFENDANT.

{¶5} In support of his assignment of error, George contends the trial court improperly considered the results of the field sobriety tests performed on the night of this incident. We agree.

{¶6} Two police officers testified on behalf of the State at the suppression hearing. Officer Ryan Laskowski, who initiated the traffic stop, testified that George indicated that he was coming from the Wooster Brewery on the night of the incident. In addition to detecting the odor of alcohol, Officer Laskowski noticed that George's eyes were glossy and that his movements were "slow and sluggish." Officer Adam Anderson, who arrived at the scene in support of Officer Laskowski, offered additional testimony regarding George's mannerisms and speech during the stop. The State also elicited testimony regarding George's performance on several field sobriety tests. While Officer Laskowski administered the horizontal gaze nystagmus test ("HGN"), he indicated that he did not use some of the other common field sobriety tests due to the fact that George suffered from spondyloepiphyseal dysplasia, a muscle and joint condition. Instead, Officer Laskowski administered other "divided attention" field sobriety tests that were

based on counting. In ultimately denying the motion to suppress, the trial court considered the officers' general observations of George but also made specific reference to the results of the HGN test as well as George's inability to complete one of the two counting tests.

{¶7} Pursuant to R.C. 4511.19(D)(4)(b), an officer may testify concerning the results of a field sobriety test, and the prosecution may introduce the results of a such a test, if "the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration[.]" Pursuant to R.C. 4511.19(D)(4)(b), substantial compliance with standardized procedures is required in order for the results of field sobriety tests to be admissible. *State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 20. "Accordingly, the burden of establishing substantial compliance on the part of the administering officer is on the State[.]" *Id*. at ¶ 21. This Court has recognized that while the acceptable testing standards include the NHTSA guidelines, the administering officer need only substantially comply with the standards for any "reliable, credible, and generally accepted field sobriety test." *Id*. at ¶ 21, citing R.C. 4511.19(D)(4)(b).

{¶8} At oral argument, the State conceded that no evidence was presented at the suppression hearing to demonstrate that the field sobriety tests utilized in this case were administered in substantial compliance with standardized procedures or guidelines. A review of the suppression hearing transcript confirms that while there was some testimony that George's performance on the HGN test was indicative of alcohol consumption under NHTSA standards, the State did not present evidence that Officer Laskowski substantially complied with any recognizable, credible standardized testing procedure in administering the three tests. It follows

that the trial court erred by taking the results of the field sobriety tests into consideration when it ruled on the motion to suppress. Though the State argues that it presented additional evidence, independent from the field sobriety tests, that supports the trial court's decision to deny the suppression motion, this Court would exceed its role as a reviewing Court if it considered a suppression issue that the trial court did not consider in the first instance. *State v. Horvath*, 9th Dist. Medina No. 13CA0040-M, 2014-Ohio-641, ¶ 10, citing *State v. Stambaugh*, 9th Dist. Wayne No. 12CA0027, 2012-Ohio-5568, ¶ 20. Therefore, this matter must be remanded for the trial court to make the initial determination regarding whether, absent the results of the field sobriety tests, the officers had probable cause to arrest George.

{¶9} George's sole assignment of error is sustained.

### III.

{¶10} George's assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JOHN E. JOHNSON, JR., Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN A. SHAKER, Assistant Prosecuting Attorney, for Appellee.