[Cite as *State v. Mencini*, 2015-Ohio-89.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

MICHAEL MENCINI

    Appellant

C.A. No.     27322

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     2013 TRC 10207

DECISION AND JOURNAL ENTRY

Dated: January 14, 2015

WHITMORE, Judge.

{¶1} Appellant, Michael Mencini, appeals from the judgment of the Stow Municipal Court. This Court affirms.

I

{¶2} While on patrol at 2:40 a.m., Officer Dan Fidoe noticed a car travel left of the center line. Officer Fidoe followed the vehicle as it sped down Cannon Road. When the car turned into the driveway of a residence, Officer Fidoe initiated a traffic stop. Officer Fidoe approached the driver, later identified as Mencini, and asked him how much he had had to drink that night. In response, Mencini admitted to drinking four or five beers. Officer Fidoe noticed Mencini had a flushed face, glassy eyes, spoke abruptly, and appeared to be a little lethargic. Officer Fidoe also noted an odor of alcohol. He requested Mencini exit his vehicle and administered three field sobriety tests: the horizontal gaze nystagmus ("HGN"), the walk-and-

turn, and the one-leg stand. After completing these tests, Officer Fidoe placed Mencini under arrest for driving while under the influence of alcohol.

{¶3} Mencini was charged with: (1) operating a vehicle while under the influence of alcohol, in violation of Twinsburg Ordinance ("TWO") 333.01(a)(1)(A); (2) operating a vehicle with a blood alcohol content of .08 or more but less than .17, in violation of TWO 333.01(a)(1)(D); and (3) driving a vehicle left of center, in violation of TWO 331.06.

{¶4} Mencini filed a motion to suppress, arguing that Officer Fidoe: (1) did not have a reasonable and articulable suspicion to conduct the traffic stop; (2) did not have a basis to administer the field sobriety tests; and (3) did not have probable cause to arrest him. After a hearing, the court denied Mencini's motion. Subsequently, Mencini changed his plea to no contest, and the court found him guilty. Mencini now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION
TO SUPPRESS.

{¶5} In his sole assignment of error, Mencini argues that the court erred when it denied his motion to suppress because: (1) the officer did not have reasonable suspicion to conduct the field sobriety tests; (2) the State did not establish by clear and convincing evidence that the officer administered the HGN test in substantial compliance with the standards; and (3) the officer did not have probable cause to arrest him for driving under the influence of alcohol.

{¶6} The Ohio Supreme Court has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and

evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied). Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. *State v. Conley*, 9th Dist. Lorain No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

### a. Reasonable Suspicion to Conduct Field Sobriety Tests

{¶7} Mencini argues that the court erred in denying his motion to suppress because "there is a total absence of specific and articulable facts indicating that [he] may have been driving under the influence of alcohol."[1] Therefore, Mencini argues, Officer Fidoe had no basis to conduct the field sobriety tests.

{¶8} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment." *State v. Keserich*, 5th Dist. Ashland No. 14-COA-011, 2014-Ohio-5120, ¶ 8, quoting *State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111, ¶ 17. However, a police officer does not violate an individual's constitutional rights by administering

---

[1] Mencini does not challenge the initial traffic stop. Instead, he limits his arguments to the field sobriety tests and his arrest. We limit our review accordingly.

field sobriety tests if the police officer has reasonable suspicion of criminal activity. *See State v. Simin*, 9th Dist. Summit No. 26016, 2012-Ohio-4389, ¶ 12. "Reasonable suspicion requires that the officer 'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Buchanan*, 9th Dist. Medina No. 13CA0041-M, 2014-Ohio-3282, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonable suspicion is based on the totality of the circumstances. *See United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

{¶9} Officer Fidoe testified that around 2:40 a.m. he observed a car, some distance in front of him, travel left of the center line. According to Officer Fidoe, he followed the vehicle and noticed that it was traveling at "speeds of 50 miles an hour plus" in a 25 m.p.h. zone. When the car turned into a driveway, Officer Fidoe activated the lights on his police cruiser. With the lights activated, the officer's dashboard camera began recording. The recording system is designed to recapture one minute prior to the officer's emergency lights being activated.

{¶10} During the one minute prior to the stop, the video shows Officer Fidoe following Mencini. While we agree that the video does not clearly show Mencini crossing over the center line, it is unclear from the testimony whether Officer Fidoe observed this infraction prior to the start of the recording or if it happened on one of the curves where Mencini's car is not entirely visible. It does appear from the video that Mencini was traveling well above the posted speed limit of 25 m.p.h.

{¶11} The trial court chose to believe Officer Fidoe's testimony that he observed Mencini cross over the center line. In deferring to the officer's testimony, the court stated, "I can't say that I can see that far down the road, around curves, the kind of things that the human eye might have been able to detect." The trial court was in the best position to resolve the

credibility of Officer Fidoe's testimony. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. We cannot conclude that the court abused its discretion in believing that Officer Fidoe witnessed Mencini drive left of center despite the video not showing the infraction.

{¶12} When Officer Fidoe approached Mencini he asked Mencini how much he had had to drink that night. Mencini responded, "four or five beers." Officer Fidoe testified that he could smell "[a] strong odor of alcohol [ ] coming from the cabin of the vehicle." Mencini was the only occupant of the vehicle. According to Officer Fidoe, Mencini was "abrupt when he spoke," a "little lethargic," and had "glassy eyes." This information, taken in conjunction with the early morning hour (2:40 a.m.), the excessive speed, and Officer Fidoe's testimony that Mencini had traveled across the center line is enough to establish reasonable suspicion that Mencini was driving while under the influence of alcohol. Because Officer Fidoe had reasonable suspicion of criminal activity, he was permitted to administer field sobriety tests to investigate further. *See State v. Balog*, 9th Dist. Medina No. 08CA0001-M, 2008-Ohio-4292, ¶ 14-16.

{¶13} To the extent that Mencini relies on *State v. Dixon*, 2d Dist. Greene No. 2000-CA-30, 2000 WL 1760664 (Dec. 1, 2000), and *State v. Spillers*, 2d Dist. Darke No. 1504, 2000 WL 299550 (Mar. 24, 2000), to support his argument that Officer Fidoe did not have reasonable suspicion to justify administering field sobriety tests, we find both of those cases distinguishable from the circumstances present here.

{¶14} In *Dixon*, the officer initiated a traffic stop at 2:20 a.m. based on a window tint violation. *Dixon* at *1. The officer noticed an odor of alcohol, and Dixon admitted to having one or two beers. *Id*. The officer described Dixon's eyes as glassy and bloodshot. *Id*. The Second District held that under those facts the officer did not have a reasonable and articulable suspicion of criminal activity to justify administering the field sobriety tests to Dixon. *Id*. at *2.

Here, unlike in *Dixon*, the officer witnessed driving infractions. Officer Fidoe testified that Mencini was traveling twice the posted speed limit and had crossed over the center line. Moreover, Mencini admitted to drinking four or five beers, not one or two. While Officer Fidoe testified that he noticed an odor of alcohol coming from the cabin of the car, he also testified that there "was a strong odor [of alcohol] coming from [Mencini]."

{¶15} In *Spillers*, the officer initiated a traffic stop at 2:00 a.m. based on Spillers weaving within his lane of traffic. *Spillers* at *1. The officer observed a slight odor of alcohol but did not notice any other signs of impairment. *Id*. at *3. The court concluded that the officer did not have a reasonable and articulable suspicion that Spillers was driving while under the influence of alcohol; therefore, the officer was not permitted to conduct field sobriety tests. *Id.* Here, Officer Fidoe testified that Mencini traveled left of the center line. This is different than a driver weaving within his or her lane of traffic, as in *Spillers*. *See Balog*, 2008-Ohio-4292, at ¶ 15. Further, Mencini was driving twice the speed limit on a very curvy road. As for the odor, Officer Fidoe testified that there was a "strong" odor of alcohol coming from Mencini. Unlike in *Spillers*, there were also additional indications of impairment: flushed face, glassy eyes, spoke abruptly, and appeared lethargic.

{¶16} Based on the totality of the circumstances, Officer Fidoe had reasonable suspicion to conduct the field sobriety tests. Mencini's assignment of error, as it relates to the officer's basis for administering the field sobriety tests, is overruled.

b. **Substantial Compliance with NHTSA Standard**

{¶17} Mencini also argues that the court erred in denying his motion to suppress because the State failed to prove that Officer Fidoe administered the HGN test in substantial compliance with established standards.

{¶18} "Pursuant to R.C. 4511.19(D)(4)(b), an officer may testify concerning the results of a field sobriety test, and the prosecution may introduce the results of such test, if 'the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration [("NHTSA")].'" *State v. George*, 9th Dist. Wayne No. 13CA0036, 2014-Ohio-4123, ¶ 7. The State bears the burden of establishing substantial compliance on the part of the administering officer. *State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 20-21, citing R.C. 4511.19(D)(4)(b).

{¶19} Mencini did not raise the issue of substantial compliance in his written motion to suppress; however, the issue was litigated at the hearing. *See State v. Spurlock*, 9th Dist. Lorain No. 13CA010354, 2013-Ohio-5369, ¶ 13 ("[A] trial court may allow a defendant to supplement his motion to suppress during the suppression hearing."). At the start of the suppression hearing, the court asked if the defense would stipulate to the NHTSA manual, which would allow the parties to "cut right to how the tests were performed on [Mencini] in this case." Based on the transcript of the hearing we cannot conclude that the issue of substantial compliance was waived by Mencini.[2]

{¶20} Officer Fidoe was the only witness to testify at the suppression hearing. In his testimony, he described how he performed the HGN test on Mencini, but did not testify about the standards set forth in the NHTSA manual. "Testimony about *how* the [officer] performed the field sobriety tests presents only half the picture." (Emphasis sic.) *State v. Aldridge*, 3d Dist.

---

[2] Because the NHTSA manual was not admitted into evidence, as discussed later, we do not reach the issue of what specific arguments regarding substantial compliance were preserved for appeal.

Marion No. 9-13-54, 2014-Ohio-4537, ¶ 18, quoting *State v. Kitzler*, 3d Dist. Wyandot No. 16-11-03, 2011-Ohio-5444, ¶ 13. While Officer Fidoe did not testify about the standards, the parties did stipulate to the NHTSA manual. Therefore, the trial court had evidence of the standards before it when it made its ruling. *Compare Sunday*, 2006-Ohio-2984, ¶ 24-25 (State failed to establish through testimony or admission of NHTSA manual that officer substantially complied with standardized testing procedure.).

**{¶21}** While the parties stipulated to the NHTSA manual, they did not make the manual part of the record. Without any standards in the record with which to compare Officer Fidoe's procedure, it is impossible for this Court to determine whether the test was given in substantial compliance. *See Aldridge* at ¶ 18. This Court is left to presume regularity. *See State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5 ("[W]here the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment."). Mencini's assignment of error, as it relates to the officer's substantial compliance with the NHTSA manual, is overruled.

### c. Arrest

**{¶22}** Lastly, Mencini argues that Officer Fidoe did not have probable cause to arrest him. Specifically, Mencini argues that the court erred in: (1) placing too much emphasis on the HGN test, and (2) finding that, based on the totality of the circumstances, a reasonable person would have believed that Mencini was driving while under the influence of alcohol.

**{¶23}** Officer Fidoe testified that after he conducted the HGN test he administered two additional field sobriety tests: the walk-and-turn, and the one-leg stand. Despite performing those two tests very well, Officer Fidoe arrested Mencini for driving under the influence. Officer Fidoe explained that in his experience young men perform the walk-and-turn and one-leg stand

tests very well, but "do poorly on the [HGN test]." Therefore, Officer Fidoe said, he "always go[es] with the eyes, the odor, and the driving, and with the physical characteristics [of] the driver."

{¶24} According to Officer Fidoe, "[t]here was a strong odor [of alcohol] coming from [Mencini]." He had a "[f]lushed face, [and] glassy eyes." Mencini was "abrupt when he spoke" and was "a little lethargic." Officer Fidoe testified that he witnessed Mencini's car go left of center and he was traveling on a very curvy roadway at a speed twice the posted limit. Based on the totality of the circumstances, we conclude that the court did not err in its determination that Officer Fidoe had probable cause to arrest Mencini for driving while intoxicated. Mencini's assignment of error is overruled.

III

{¶25} Mencini's sole assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


CARR, P. J.
CONCURS

MOORE, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

WILLIAM A. CARLIN, Attorney at Law, for Appellant.

FRANKLIN BENI, Attorney at Law, for Appellee.