[Cite as *State v. Taylor*, 2016-Ohio-3439.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     27867 |
| | |
|     Appellee | |
| | |
|     v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| TANEISHA R. TAYLOR | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
|     Appellant | CASE No.    CR 2015 01 0008 |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

HENSAL, Judge.

{¶1} Taneisha Taylor appeals her conviction for robbery in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} The pertinent facts related to this appeal are not in dispute. Taneisha Taylor and four friends went shopping at the J.C. Penney store at Chapel Hill Mall in Akron. While there, loss prevention officer Megan Slomovitz observed Ms. Taylor remove the tags from several women's apparel items and place the items in her purse. She also observed Ms. Taylor remove the tag from an item and hand the apparel item to her friend, Desirae Jones. Ms. Taylor and Ms. Jones then exited the store through the mall exit without paying for the items, at which point Ms. Slomovitz immediately confronted the women and asked that they return to the store. After Ms. Jones attempted to flee into the mall, Ms. Slomovitz placed her in handcuffs. Ms. Taylor initially complied, but became verbally aggressive toward Ms. Slomovitz. As they were walking

to an office within the J.C. Penney store, Ms. Taylor became physically aggressive and began biting, hitting, shoving, and scratching Ms. Slomovitz. Ms. Taylor managed to break away from Ms. Slomovitz and fled to a vehicle located in the mall's parking lot. When the police arrived, they found Ms. Taylor in a parked SUV with the stolen merchandise in the trunk.

{¶3} Ms. Taylor was arrested and charged with robbery in violation of Revised Code Section 2911.02(A)(2), a second-degree felony. She pleaded not guilty, and the case proceeded to a bench trial. At trial, the State presented testimony from Ms. Slomovitz and Officer Warren Soulsby, one of the responding police officers. After the State rested, defense counsel moved the court for dismissal under Criminal Rule 29, which the court denied. Defense counsel then attempted to present testimony from one witness only. It quickly became apparent, however, that the witness's testimony was potentially self-incriminating. The trial court interrupted the testimony and advised the witness of her rights. After consulting with an attorney, the witness chose not to testify. Defense counsel then renewed his Rule 29 motion, which the trial court again denied. The trial court found Ms. Taylor guilty and sentenced her to a two-year prison term. Ms. Taylor appeals, raising six assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FOUND MS. TAYLOR GUILTY OF ROBBERY BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH FINDINGS.

{¶4} In her first assignment of error, Ms. Taylor argues that her conviction is not supported by sufficient evidence. More specifically, she argues that the State failed to prove the "fleeing" element of the robbery because there was no evidence that she attempted to inflict physical harm while she was fleeing from the theft offense.

**{¶5}** Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶6}** As previously noted, the trial court found Ms. Taylor guilty of robbery under Section 2911.02(A)(2). Section 2911.02(A)(2) provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Ms. Taylor does not dispute that she committed a theft offense or that she inflicted physical harm on Ms. Slomovitz. Instead, she argues that she had completed the theft offense by the time Ms. Slomovitz approached her and asked her to return to the store. She, therefore, argues that she did not inflict physical harm while committing the theft offense. She further argues that the delay of time between when she committed the theft offense and when she fled is such that the violence did not occur "immediately after" the theft for purposes of Section 2911.02(A)(2).

**{¶7}** Ms. Taylor's arguments lack merit. According to Ms. Slomovitz, Ms. Taylor shoved her into clothing racks and punched, bit, and scratched her before Ms. Taylor broke free and fled to the vehicle where the stolen merchandise was ultimately found. Ms. Slomovitz testified that the purse she observed Ms. Taylor place the stolen items into remained in Ms. Taylor's hands during the entire physical altercation. Thus, the facts indicate that Ms. Taylor

was still committing the theft offense when she inflicted physical harm on Ms. Slomovitz. "Moreover, '[w]here a defendant struggles with a security guard while resisting apprehension after a shoplifting incident * * * such conduct, as part of a single continuous act committed by the defendant, constitutes sufficient evidence to establish the force or harm element of robbery in this context.'" *State v. Whitaker*, 12th Dist. Butler No. CA2008-01-034, 2009-Ohio-926, ¶ 10, quoting *State v. Hughes,* 8th Dist. Cuyahoga No. 81768, 2003-Ohio-2307, ¶ 23; *see also State v. Thomas*, 106 Ohio St.3d 133, 2005-Ohio-4106, ¶ 16 (noting that a struggle with a security guard immediately after a defendant leaves a store, or after being forced to return to the store, could elevate a crime from theft to robbery). Here, the record reflects that there was neither a significant lapse in time, nor an intervening event between the time Ms. Slomovitz approached Ms. Taylor and asked her to return to the store, and when Ms. Taylor attacked her. We therefore, find Ms. Taylor's arguments unpersuasive and hold that the State presented sufficient evidence to support a conviction of robbery under Section 2911.02(A)(2). Taylor's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

MS. TAYLOR'S CONVICTION FOR ROBBERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶8}** Ms. Taylor also argues that her conviction is against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶9} Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶10} Ms. Taylor argues that her conviction is against the manifest weight of the evidence because there was no evidence that she used physical force during the commission of the theft offense or that she fled immediately thereafter. She also argues that Ms. Slomovitz's own witness statement contradicts her testimony at trial because her witness statement attributes the violent acts to Ms. Jones, not Ms. Taylor.

{¶11} Both of Ms. Taylor's arguments lack merit. For the reasons articulated in our disposition of Ms. Taylor's first assignment of error, we disagree that there was no evidence that she used physical force during the commission of the theft offense or that she fled immediately thereafter. Regarding Ms. Slomovitz's alleged contradictory testimony, there is no dispute that Ms. Slomovitz's witness statement attributes the violent conduct to Ms. Jones, not Ms. Taylor. Ms. Slomovitz testified, however, that she did not know Ms. Taylor's name at the time she wrote her witness statement and relied on the name the police provided to her. Unfortunately, that name was incorrect, and Ms. Slomovitz indicated that her witness statement should be corrected to reflect Ms. Taylor's name. Ms. Slomovitz further testified that Ms. Jones remained handcuffed while Ms. Taylor attacked her and that Ms. Jones never "laid a finger on [her]".

{¶12} Having reviewed the record, we cannot say that the trial court clearly lost its way when it accepted the State's version of the events. *See Thompkins*, 78 Ohio St.3d at 387. Ms.

Taylor's conviction, therefore, is not against the manifest weight of the evidence. Accordingly, Ms. Taylor's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED STRUCTURAL, REVERSIBLE, AND PLAIN ERROR AT THE SENTENCING HEARING BY CONDUCTING ITS OWN INVESTIGATION OF ALLEGED CRIMINAL CHARGES THAT WERE NEITHER CHARGED NOR PROVEN.

{¶13} In her third assignment of error, Ms. Taylor argues that the trial court erred by conducting its own investigation of alleged criminal charges that were neither charged nor proven. The record indicates that the presentence investigation report referenced criminal conspiracy and prostitution-related offenses that allegedly occurred in Pennsylvania. The trial court asked the probation officer to obtain a copy of the incident report, which the court reviewed. Ms. Taylor argues that the trial court's conduct amounts to reversible error because a trial court cannot conduct its own investigation during the sentencing phase.

{¶14} In support of her argument, Ms. Taylor cites *State v. Longo*, 4 Ohio App.3d 136 (8th Dist.1982). In *Longo*, the defendant was charged and found guilty of carrying a concealed weapon. *Id.* at 137. During the sentencing phase, the trial court telephoned a non-witness to ascertain facts regarding an uncharged auto theft offense, which it then relied upon during sentencing. *Id.* at 137, 141. The appellate court found that the trial court exceeded its authority by calling the non-witness, and that it "drew conclusions [from that conversation] obviously crucial to the sentencing decision." *Id.* at 141.

{¶15} Despite Ms. Taylor's argument, this case is not analogous to *Longo*. Here, the trial court requested a copy of the incident report for an offense listed in the presentence investigation report. We find nothing improper with the trial court's request. *See, e.g.*, *State v. McDowell*, 6th Dist. Erie No. E-92-78, 1993 WL 381576, *4 (Sept. 30, 1993) (distinguishing the

facts of *Longo* and holding that the trial court did not err by ordering a transcript of a probate proceeding during sentencing); *State v. Hale*, 3d Dist. Marion No. 9-13-17, 2014-Ohio-262, ¶ 10, 12 (holding that the trial court did not act inappropriately when it emailed both parties seeking clarification of information related to issues already raised in the case). Accordingly, Ms. Taylor's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED STRUCTURAL, REVERSIBLE, AND PLAIN ERROR BY CONSIDERING ALLEGATIONS OF CRIMINAL CHARGES THAT WERE NEITHER CHARGED NOR PROVEN DURING MS. TAYLOR'S SENTENCING HEARING IN VIOLATION OF HER RIGHTS TO DUE PROCESS.

{¶16} In her fourth assignment of error, Ms. Taylor argues that the trial court erred by considering the conduct that allegedly occurred in Pennsylvania at sentencing because it was never charged nor proven. As this Court has stated "Ohio law is clear that [u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence." (Alterations sic.) *State v. D'Amico*, 9th Dist. Summit No. 27258, 2015-Ohio-278, ¶ 6, quoting *State v. Clemons,* 2d Dist. Montgomery No. 26038, 2014–Ohio–4248, ¶ 7; *see also State v. Burton*, 52 Ohio St.2d 21, 23 (1977) (stating that "it is well-established that a sentencing court may weigh such factors as arrests for other crimes.").

{¶17} Notably, Ms. Taylor concedes in her merit brief that the trial court did not base its decision solely on the unindicted acts. In this regard, she states that the trial court "bas[ed] its sentencing, *in part*, on the actions of an alleged solicitation charge." (Emphasis added.) Our own review of the record indicates that the trial court did consider the unindicted acts, but there is no indication that they served as the sole basis for its sentence. Indeed, the trial court admonished Ms. Taylor for shoplifting and violently attacking Ms. Slomovitz, and sentenced her

within the limits of its discretion. *See* R.C. 2929.14(A)(2). Ms. Taylor's fourth assignment of error is, therefore, overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AT THE SENTENCING HEARING BY FAILING TO COMPLY WITH R.C. 2929.19(B)(2)(F).

{¶18} In her fifth assignment of error, Ms. Taylor argues that the trial court committed plain error by failing to order her to not use drugs of abuse, and by not informing her that she would be subject to random drug testing in prison. Revised Code Section 2929.19(B)(2)(f) provides:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [r]equire that the offender not ingest or be injected with a drug of abuse and submit to random drug testing * * *.

{¶19} This Court recently addressed an identical argument in *State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 47. There, we held that a trial court's failure to comply with Section 2929.19(B)(2)(f) resulted in harmless error because these requirements are intended to facilitate the drug testing of prisoners, not to create substantive rights. *Id.* at ¶ 50, citing *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 18. Consistent with our precedent, we reject Ms. Taylor's argument and overrule her assignment of error.

ASSIGNMENT OF ERROR VI

MS. TAYLOR WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HER TRIAL COUNSEL FAILED TO ARGUE AT THE SENTENCING HEARING THAT THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19(B)(2)(F).

{¶20} In her sixth assignment of error, Ms. Taylor argues that her trial counsel was ineffective because he failed to argue at the sentencing hearing that the trial court failed to comply with Section 2929.19(B)(2)(f). To prove ineffective assistance of counsel, Ms. Taylor

must establish that: (1) her trial counsel's performance was deficient; and (2) but for counsel's deficient performance, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Given our determination that the trial court's failure to comply with Section 2929.19(B)(2)(f) resulted in harmless error, Ms. Taylor "cannot show the necessary prejudice required to support an ineffective assistance of counsel claim." *State v. Blankenship*, 9th Dist. Summit No. 16019, 1993 WL 329962, *4 (Sept. 1, 1993); *see also Mavrakis* at ¶ 53-55 (addressing an identical argument). Accordingly, Ms. Taylor's sixth assignment of error is overruled.

III.

**{¶21}** Ms. Taylor's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.