[Cite as *State v. D'Amico*, 2017-Ohio-1352.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     27258 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS J. D'AMICO | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 13 04 0997 |

## DECISION AND JOURNAL ENTRY

Dated: April 12, 2017

TEODOSIO, Judge.

**{¶1}** Appellant, Thomas J. D'Amico, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** This Court previously set forth the underlying facts in this case as follows:

On March 17, 2013, Mr. D'Amico ran up behind [R.F.], who was the [fiancé] of Mr. D'Amico's former wife, M.S., broke a beer bottle over [R.F.'s] head, and attempted to stab him in the neck with it. As a result of this attack, Mr. D'Amico was indicted on charges of felonious assault, menacing by stalking, aggravated menacing, and violating a protection order. Mr. D'Amico pleaded guilty to felonious assault and violating a protection order, and the remaining counts were dismissed. The trial court sentenced Mr. D'Amico to seven years in prison.

*State v. D'Amico*, 9th Dist. Summit No. 27258, 2015-Ohio-278, ¶ 2. This Court initially affirmed the case on appeal, but later granted Mr. D'Amico's motion to reopen the appeal. The Court confirmed its prior judgment, but then granted Mr. D'Amico's second motion to reopen the appeal.

{¶3} Mr. D'Amico now appeals from his convictions and raises three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. D'AMICO BY IMPOSING A SENTENCE BASED UPON FACTS NOT CONTAINED IN THE RECORD, IN VIOLATION OF MR. D'AMICO'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION. []

{¶4} In his first assignment of error, Mr. D'Amico argues that the trial court relied heavily on an incorrect interpretation of the video surveillance footage at sentencing. We disagree.

{¶5} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *see also* R.C. 2953.08(G)(2). The Supreme Court of Ohio has further defined "clear and convincing evidence" as:

> [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and *unequivocal*.

(Emphasis sic.) *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶6} Mr. D'Amico specifically challenges the following statement made by the trial court at sentencing:

And the Court notes that the offense itself, the manner in which it occurred was incredibly violent. And in a certain sense, Mr. D'Amico, you are fortunate that you did not kill the victim, given the manner in which you assaulted him. To take a beer bottle and hammer it over somebody's head until it breaks requires quite a bit of force, especially when the bottle is full. And to then take the broken bottle and start stabbing somebody in the neck could have easily severed arteries that could have caused death. So you are fortunate in a certain sense that you did not kill [the victim.]

{¶7} Mr. D'Amico admits that he hit the victim with a beer bottle, but argues that he only punched the victim in the head or face afterward. Although the pre-sentence investigation report states that "[o]nce the beer bottle broke, the Defendant continued to stab at the back of [the victim's] head and neck area until the beer bottle completely broke away" and that the victim was treated for "multiple lacerations on his head and neck that had glass from a beer bottle imbedded in them[,]" Mr. D'Amico argues that the video does not reflect an attack to the victim's neck area and claims that the breaking of the bottle caused the victim's wounds, not a stabbing to the neck.

{¶8} Our independent review of video reveals that Mr. D'Amico used a bottle to strike the victim twice in the head and neck area, with the bottle shattering upon the second hit. But, the video is inconclusive as to whether Mr. D'Amico retained a piece or pieces of the shattered bottle in his hand when he subsequently punched or stabbed the victim two additional times in the head and neck area. Accordingly, we cannot say that the trial court relied on an *incorrect* interpretation of the video by stating that Mr. D'Amico "stabb[ed] somebody in the neck * * *."

{¶9} Mr. D'Amico also argues that the video does not demonstrate an assault that is incredibly violent in nature. He first indicates that the victim did not fall down after the assault. But, the victim's ability to remain standing immediately after being suddenly and unexpectedly assaulted from behind bears absolutely no relationship to the level of violence inherent in the attack.

{¶10} Mr. D'Amico further argues that the video does not depict a stabbing. He inaccurately asserts that neither the victims nor the State mentioned a stabbing in their statements to the court. The record is clear that one of the victims said in her statement to the court, "He * * * attacked my fiancé from behind by hitting him on head with a full bottle of beer *and stabbing him in the neck with a broken bottle*." (Emphasis added.). The pre-sentence investigation report also details a stabbing. We have already concluded that the video itself is inconclusive as to this issue.

{¶11} The prosecutor played the video of the assault for the trial court to view prior to sentencing, but the record does not reflect that the court relied *heavily* on the video, especially in light of the court's "lengthy discussion about other factors on the record * * *." *D'Amico*, 2015-Ohio-278, at ¶ 9.

{¶12} At the sentencing hearing, the trial court heard statements from the prosecutor, defense counsel, Mr. D'Amico, both of the victims, and a victim's stepmother. The court stated that it "is required to evaluate the principles and purposes of felony sentencing and the seriousness and recidivism factors that exist under Ohio law." It noted that the victims "suffered serious physical and psychological harm" and Mr. D'Amico's relationship with one of the victims facilitated the offenses. The court considered the record of harassment prior to the offense, the violence of the offense itself, Mr. D'Amico's criminal history, and his failure to respond favorably to previous sanctions. The court found no genuine remorse in Mr. D'Amico and found his statements in the pre-sentence investigation report "unbelievably inappropriate in tone." The court considered the video and found no provocation on the part of the victim. In reference to Mr. D'Amico's "ongoing psychological condition[,]" the court noted concern over his "homicidal ideations" and his statement that "[s]trangely * * * the assault helped him to get

over his former girlfriend." The court stated that it "has zero assurance that [imposing] less than a significant prison term would adequately protect the public or punish the offender" and recidivism was a "genuine concern."

{¶13} The trial court sentenced Mr. D'Amico to seven years in prison for Felonious Assault, a felony of the second degree, to be served concurrently with six months in jail for Violating a Protection Order, a misdemeanor of the first degree. Mr. D'Amico does not claim that these sentences are not within the statutory sentencing ranges for these offenses. *See* R.C. 2929.14(A)(2); *see also* R.C. 2929.24(A)(1). "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.

{¶14} We conclude that the record here supports the trial court's findings under relevant statutes and that the sentence is not otherwise contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1.

{¶15} Mr. D'Amico's first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE AT SENTENCING, IN VIOLATION OF MR. D'AMICO'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION. []

{¶16} In his second assignment of error, Mr. D'Amico argues that trial counsel's failure to correct the trial court's erroneous interpretation of the video amounted to ineffective assistance of counsel and there is a reasonable probability that he would have received a lesser sentence if trial counsel had objected. We disagree.

**{¶17}** "To prove ineffective assistance of counsel, [Mr. D'Amico] must establish that: (1) [his] trial counsel's performance was deficient; and (2) but for counsel's deficient performance, there is a reasonable probability that the result of the trial would have been different." *State v. Taylor*, 9th Dist. Summit No. 27867, 2016-Ohio-3439, ¶ 20, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**{¶18}** In light of our conclusion above that the trial court did not err in its interpretation of the video, Mr. D'Amico "cannot show the necessary prejudice required to support an ineffective assistance of counsel claim." *Id.*, quoting *State v. Blankenship*, 9th Dist. Summit No. 16019, 1993 WL 329962, *4 (Sept. 1, 1993).

**{¶19}** Mr. D'Amico's second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

PREVIOUS APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE, IN VIOLATION OF MR. D'AMICO'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION. []

**{¶20}** In his third assignment of error, Mr. D'Amico argues that previous appellate counsel's failure to provide an adequate record, including the surveillance video and pre-sentence investigation report, for this Court's review amounted to ineffective assistance of counsel. We disagree.

**{¶21}** Once again, "[a]n appellant must show prejudice to establish ineffective assistance of counsel." *State v. McGowan*, 9th Dist. Summit No. 27092, 2015-Ohio-1804, ¶ 28, *rev'd on other grounds*, 147 Ohio St.3d 166, 2016-Ohio-2971, citing *Strickland* at 687. Mr. D'Amico cannot demonstrate prejudice because he received an adequate remedy for any error when this Court reopened his appeal and now has the video and pre-sentence investigation report before it for review. *See id.* Moreover, even with the complete record now before this Court,

including the surveillance video and pre-sentence investigation report, Mr. D'Amico cannot demonstrate prejudice in light of our conclusion above that the trial court did not err in its interpretation of the video. *See id.*

{¶22} Mr. D'Amico's third assignment of error is overruled.

III.

{¶23} Mr. D'Amico's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

KRISTOPHER A. HAINES, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.